## OFFICE OF THE DISTRICT ATTORNEY, Bronx County

---

**DARCEL D. CLARK**  198 East 161st Street  (718) 838-7095
*District Attorney*  Bronx, New York 10451  Fax (718) 590-6523

February 6, 2024

The Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        RE:   *Criscuolo v. Brandow*, 1:23-cv-02406 (JPC)(OTW)

Dear Judge Wang:

      On October 19, 2023, this Court granted petitioner's motion to seal the state court record, which he filed as exhibits. *See* ECF 11, Motion to File Exhibits Under Seal; ECF 35, Decision and Order Granting Sealing; ECF 38, Petitioner's Exhibits. The exhibits that petitioner filed, however, inadvertently omitted a few documents from the state court record, including relevant filings and decisions before the state motion court and the appellate briefs, all of which were filed under seal. Consequently, for the ease of this Court's review, the parties have created a Joint Appendix containing all of the relevant state court records, including documents that this Court has already sealed. Because the Joint Appendix implicates the same privacy concerns raised in petitioner's initial sealing request, the parties submit this letter motion to request the continued sealing of the Joint Appendix. Under the unique circumstances of this case, redaction of the child sexual assault victim's name from the Joint Appendix is insufficient. Instead, the Joint Appendix should be sealed to protect the child victim's privacy as well as the privacy of other individuals, including other children.

      During the 2012-2013 school year, petitioner, a 40-year-old fifth grade teacher at a Bronx school, groomed and sexually assaulted Jane Doe, his 10-year-old student. As part of his predation, petitioner sent the underage victim hundreds of inappropriate

1

messages via Gmail and Engrade, the school's email system. He ultimately pled guilty to first-degree rape (N.Y. P.L. § 130.35(3)) and was sentenced to a 14-year prison term to be followed by 18 years of post-release supervision.

Prior to the guilty plea, the prosecutor, in accordance with the state's discovery obligations, provided defense counsel with unredacted copies of police reports, Jane Doe's medical records, all of petitioner's Engrade communications with his students, and petitioner's Gmail communications with Jane Doe. Neither the Engrade messages, which contained the names, phone numbers, and addresses of other students, nor petitioner's Gmail communications, which contained Jane Doe's name and Gmail address, were redacted. The medical records, albeit partially redacted, still contained Jane Doe's full name, her date of birth, her phone number, her address, her H.I.V status, her status as a victim of a sex offense, her medical history and treatment, and the full names of her immediate family members.

These documents containing confidential information were cited repeatedly in the underlying state court litigation and were attached as exhibits to the post-conviction motion papers. Notably, during the state court litigation, confidential and sensitive information was posted on a public website. Upon learning of the website, the People sought, and the state court granted, a protective order. *See* ECF 11, Petitioner's Motion to Seal Exhibits, Exhibit A, J. Lieb 3/26/2018 Decision. That order limited public access to the state court's file pursuant to N.Y. Civil Rights Law § 50-b, sealed any filing that included identifying information of Jane Doe and her classmates, prohibited the distribution of any court filing "without first fully redacting any and all Sealed Material," and ordered all sealed material removed from the internet. *Id.* at p. 10. Furthermore, a number of documents included in the Joint Appendix are confidential and under seal in state court.

Given this background, and considering the prevalence in the state court record of sensitive identifying information of the child sex assault victim, her family, and her classmates, simply redacting her name from the federal filings will not sufficiently protect the privacy rights of Jane Doe or her underage classmates. To preserve the confidentiality of that sensitive information, and to prevent this Court's files from "becom[ing a] vehicle for improper purposes," *Nixon v. Warner Communications*, 435 U.S. 589, 589 (1987), sealing is appropriate. *See Murphy v. Warden of Attica Corr. Facility*, No. 20CV3076PAEJLC, 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020) ("[P]rotecting the identity of the sexual assault victim—provides a compelling reason to limit such access.") (collecting cases). Indeed, under the unique circumstances of this case, the standard for obtaining sealing, as reflected in Second Circuit precedent, has been met. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) ("[C]ountervailing factors include[ing] . . . the privacy interests of those resisting disclosure" permit sealing

documents notwithstanding the presumption of access under both the common law and the First Amendment); *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

Accordingly, respondent respectfully requests that the Joint Appendix submitted by the parties be sealed in this Court. Petitioner joins this request.

Today, respondent is filing an answer and an accompanying memorandum of law. Both reference documents contained within the Joint Appendix. Although the Joint Appendix is ready to be filed, respondent will not file it until the Court rules on the parties' request for sealing. Should the Court wish to review the Joint Appendix before ruling on this letter motion, respondent can provide copies for *in camera* review.

Respectfully,

*Cynthia A. Carlson*

Cynthia A. Carlson (CC7877)
Bronx County District Attorney
Assistant District Attorney
198 East 161st Street
Bronx, New York 10451
Carlsonc@bronxda.nyc.gov

cc: Steven A. Metcalf, II, Esq.
Attorney for Petitioner
Metcalf & Metcalf, P.C.
99 Park Avenue, 6th Floor
New York, New York 10016

Application **GRANTED**. The parties are directed to file the Joint Appendix under seal by **March 15, 2024.**

**SO ORDERED.**

_____
Ona T. Wang          03/12/2024
U.S.M.J.

3