UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY CRISCUOLO,

          Petitioner,

          -against-

STEPHEN G. BRANDOW,

          Respondent.
------------------------------------------------------------x

23-CV-02406 (JPC) (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of Petitioner's motion for a "hybrid defense" (ECF 37) and the Respondent's response (ECF 49). Petitioner's motion is **DENIED**, but **without prejudice** to Petitioner's ability to file submissions on his own behalf.

As this Court has already stated in its October 19, 2023 Order (ECF 35), there is no right to hybrid representation. *See also United States v. Hage*, 74 F.4th 90, 93 (2d Cir. 2023). In his motion, Petitioner relies on several cases for the proposition that the right to a hybrid defense arises from the Sixth Amendment right of a criminal defendant to participate in his own defense, with the assistance of counsel. In particular, Petitioner relies on *Faretta v. California*, 422 U.S. 806 (1975) and *McKaskle v. Wiggins*, 466 U.S. 168 (1983). None of the cases relied on by Petitioner is relevant in a *habeas* proceeding because they concern the right of a defendant to participate in his own defense <u>at trial</u>. A *habeas* proceeding is a civil proceeding, not a criminal trial. Even if the cases cited by Petitioner support the existence of a right to a "hybrid defense," which would be contrary to the Second Circuit's holding in *Hage*, such a right would not exist in the *habeas* context.

However, since Petitioner's counsel does not object to Petitioner filing his own submissions, the Court sees no reason to bar him from doing so. If Petitioner wishes to file his own submissions, he must do so according to this Court's rules for ECF filing by *pro se* litigants.[1]

The Clerk of Court is respectfully directed to close ECF 37.

**SO ORDERED.**

Dated: April 10, 2024
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

---

[1] The Court is also aware of Petitioner's requests for an evidentiary hearing. (ECF Nos. 36, 51). The Court will consider whether an evidentiary hearing is necessary in the course of reviewing the Petition. *See* 28 U.S.C. § 2254(e).