UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
          :
ANTHONY CRISCUOLO,          :
          :
         Petitioner,         :      23-CV-2406 (JAV) (OTW)
          :
      -v-         :      OPINION AND ORDER
          :
STEPHEN G. BRANDOW,          :
          :
         Respondent.         :
          :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Anthony Criscuolo ("Petitioner") pled guilty to the charge of first-degree rape in New York state court, for which he received a determinate sentence of 14 years incarceration and 18 years of post-release supervision. Petitioner now seeks to challenge his conviction pursuant to 28 U.S.C. § 2254. Before the Court is the March 20, 2025 Report and Recommendation (the "Report" or "R&R") issued by Magistrate Judge Ona T. Wang recommending that the petition for *habeas corpus* be denied. *See* ECF No. 69. Petitioner filed Objections to the R&R. ECF No. 76 ("Obj."). Familiarity with the factual background and relevant procedural history of this case as set out in the R&R is assumed. *See generally* R&R at 2-13.

      After reviewing the R&R, the objections, and the underlying record, the Court overrules the Objections and ADOPTS the thorough and well-reasoned Report and Recommendation.

## STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (citations omitted). After a party submits a timely objection, the district court reviews *de novo* the portions of the R&R to which the party objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For the portions of the R&R to which no objection is made, the district court need only review for clear error. *See Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020).

## DISCUSSION

Upon conducting a *de novo* review of the portions of the R&R to which Petitioner has properly objected, the Court overrules such objections. Any of Petitioner's objections not specifically addressed in this decision have been considered *de novo* and subsequently rejected. As to the portions of the R&R to which no proper objections were made, the Court has reviewed those sections and determined that they are not clearly erroneous. The Court therefore adopts the R&R in its entirety.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only grant an application for a writ of *habeas corpus* on behalf of a person in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petitioner must have "exhausted the

remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). If the state court has adjudicated the claims on the merits, then "an additional restriction applies." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). In that scenario, a petitioner is entitled to habeas corpus relief only if he can show that the state court either (i) unreasonably applied, or made a decision contrary to, clearly established Federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

A state court decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth in the Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from its precedent." *Lewis v. Connecticut Comm'r of Correction*, 790 F.3d 109, 121 (2d Cir. 2015) (cleaned up). "A state court decision involves an unreasonable application of Supreme Court precedent if it identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the particular facts of a prisoner's case." *Overton v. Newton*, 295 F.3d 270, 275 (2d Cir. 2002) (cleaned up). "[T]he state court's application must be objectively unreasonable, which requires some increment of incorrectness beyond error." *Jackson v. Conway*, 763 F.3d 115, 135 (2d Cir. 2014) (cleaned up).

"A state court decision is based on a clearly erroneous factual determination if the state court failed to weigh all of the relevant evidence before making its factual findings." *Lewis*, 790 F.3d at 121 (cleaned up). "A state court determination of a factual issue is . . . presumed to be correct . . . ." *Overton*, 295 F.3d at 275 (citing 28 U.S.C. § 2254(e)(1)).

To fully exhaust a claim arising from a New York conviction, the issue must have been presented to the Appellate Division and then leave must have been sought to appeal that issue to the New York Court of Appeals. *See Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005); *Ramirez v. Att'y Gen. of State of New York*, 280 F.3d 87, 97 (2d Cir. 2001); *see also Picard v. Connor*, 404 U.S. 270, 276 (1971). In this case, Petitioner sought leave to appeal his ineffective assistance of counsel claim and his claim regarding the use of his recorded phone calls in connection with his post-conviction proceedings. ECF No. 53 ("JA") at 3474-3502. Accordingly, the R&R correctly concluded that these claims were fully exhausted. R&R at 12. The Magistrate Judge found that a number of the other claims raised in the Petition were not exhausted in state court. *Id.* Petitioner has not challenged that aspect of the Report and Recommendation and has instead focused his objections on the ineffective assistance and recorded phone call claims.

### A. Ineffective Assistance of Counsel

Petitioner pled guilty to the charge of first-degree rape. Accordingly, Petitioner "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "He may only attack the voluntary and

intelligent character of the guilty plea by showing that the advice he received from counsel" was constitutionally deficient because of counsel's failure to properly advise him or to investigate the charges against him. *See id.* at 266-67 (discussing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A claim that a guilty plea was involuntary or unknowing due to ineffective assistance of counsel is analyzed under the framework established in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001). The Sixth Amendment is violated where counsel's representation falls below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hernandez*, 242 F.3d at 112 (cleaned up).

The New York Supreme Court issued a 59-page opinion in which it thoroughly analyzed Petitioner's ineffective assistance claims, rejecting it on the merits. JA3116-3174. This decision was affirmed by the Appellate Division. *People v. Criscuolo*, 157 N.Y.S.3d 454, 455 (1st Dep't 2021). Because this issue was decided on the merits by the state court, the Court reviews the *habeas* petition under the deferential standard of section 2254(d).

On *habeas* review, the Court's consideration is "doubly deferential," taking a highly deferential look at counsel's performance under the *Strickland* standard, through the "deferential lens of § 2254(d)." *Pinholster*, 563 U.S. at 190 (cleaned up). The state court decision correctly set forth the governing legal standard for analyzing ineffective assistance claims under federal law, and then applied that

standard to the underlying record.  JA3153-3168.  Petitioner has failed to show that the state court unreasonably applied *Strickland* or unreasonably determined the facts in light of the evidence presented.  R&R at 16-20.

Petitioner has not pointed to any errors in the state court's reasoning or its factual findings, let alone demonstrated that the underlying decision was objectively unreasonable.  Petitioner instead contends that the state court's failure to provide him with an evidentiary hearing in connection with his C.P.L. 440 motion constitutes error.  Obj. at 24-26.  But as the R&R correctly observes, R&R at 20, such a claim is not cognizable because the federal "Constitution does not compel states to provide post-conviction proceedings for relief," let alone an evidentiary hearing.  *Word v. Lord*, 648 F.3d 129, 131 (2d Cir. 2011); *see also Jones v. Duncan*, 162 F. Supp. 2d 204, 217 (S.D.N.Y. 2001).  Petitioner's reliance upon *Gonzalez v. United States*, 722 F.3d 118 (2d Cir. 2013), Obj. at 24, and *Puglisi v. United States*, 586 F.3d 209, 210 (2d Cir. 2009), Obj. at 16-17, 23-24, is unavailing, as those case did not involve a challenge by a prisoner in state custody, but concerned the procedures for federal courts to adjudicate ineffective assistance claims under 28 U.S.C. § 2255.[1]

---

[1] Petitioner additionally cites to *Jackson v. Conway,* 763 F.3d 115 (2d Cir. 2014), stating that this decision "prohibits resolving factual disputes on paper records without live testimony."  Obj. at 26.  That decision contains no such holding.  Instead, *Jackson* holds that a district court cannot conduct an evidentiary hearing with respect to an ineffective assistance claim under section 2254(d)(1), as the court's review is limited to the "'record that was before that state court.'"  763 F.3d at 152 (quoting *Pinholster*, 563 U.S. at 185).

Petitioner similarly objects to the Magistrate Judge's R&R on the ground that the Magistrate Judge failed to hold an evidentiary hearing to resolve disputed issues of fact regarding "exposed systemic weaknesses in the prosecution's case." Obj. at 23; *see also id.*at 16-19.  No evidentiary hearing is required to resolve the petition, however.

In determining whether a state court's decision unreasonably applied clearly established law under section 2254(d)(1), a federal court is limited to the record before the state court.  *Pinholster*, 563 U.S. at 180.  Accordingly, federal courts cannot consider evidence introduced at a hearing to assess whether the state court's adjudication of an ineffective assistance claim was objectively unreasonable under section 2254(d).  *Id.* at 184 ("Evidence later introduced in federal court is irrelevant to § 2254(d)(1) review."); *Lopez v. Miller*, 906 F. Supp. 2d 42, 54 (E.D.N.Y. 2012) ("*Pinholster* precludes the court from relying upon evidence produced at the hearing to determine whether the state court's adjudication of Lopez's ineffective assistance claim was unreasonable under § 2254(d)."); *see also Jackson*, 763 F.3d at 152.  The Magistrate Judge therefore did not err in denying Petitioner's request for an evidentiary hearing.

### B. Recorded Phone Calls

Petitioner also argues that the State unconstitutionally obtained and used recordings of phone calls between himself and his girlfriend and sister while he was in prison, in connection with his post-conviction proceedings.  Petitioner does not explain how obtaining or using such recorded phone calls implicates any clearly established federal law as established by a decision of the Supreme Court.  Instead,

Petitioner argues that the use of grand jury subpoenas to obtain such records violated state procedural law. Obj. at 29-30. Such claims are not cognizable on review of a *habeas* petition. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

As set forth in the R&R and in the First Department's decision, the use of these recorded phone calls did not violate Petitioner's constitutional rights. R&R at 23-25; *Criscuolo*, 157 N.Y.S.3d at 455. Because Petitioner "had no reasonable expectation of privacy in the content of the nonprivileged recorded calls," there was no violation of his Fourth Amendment rights. *Criscuolo*, 157 N.Y.S.3d at 455. And although attorney phone calls were inadvertently turned over as well, the state appropriately used a firewall to ensure that the prosecutors did not have access to privileged communications. *Id.* at 456.

## CONCLUSION

Having addressed Petitioner's objections, the Court has otherwise reviewed the record and the Report and Recommendation for clear error. Finding none, the Court hereby ORDERS that the Report and Recommendation is ADOPTED and the petition for a writ of *habeas corpus* is DENIED. Furthermore, as Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *see Tankleff v. Senkowski*, 135 F.3d 235, 241-42 (2d Cir. 1998).

The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: October 17, 2025
      New York, New York

                                              JEANNETTE A. VARGAS
                                              United States District Judge