UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                         :
ANTHONY CRISCUOLO,                                       :
                                                         :
                           Petitioner,                   :        23-CV-02406 (JAV)
                                                         :
         -v-                                             :        OPINION AND ORDER
                                                         :
                                                         :
STEPHEN G. BRANDOW,                                      :
                                                         :
                           Respondent.                   :
                                                         :
------------------------------------------------------------------------ X

JEANNETTE A. VARGAS, United States District Judge:

On October 17, 2025, the Court denied Petitioner Anthony Criscuolo's petition for a writ of *habeas corpus* challenging his conviction of first-degree rape in New York state court. ECF No. 77 ("Opinion"). On March 6, 2026, Petitioner filed a motion for reconsideration of the Order pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 82. As the motion for reconsideration constitutes a second or successive habeas petition, the motion is DENIED as beyond the scope of Rule 60.

## BACKGROUND

Anthony Criscuolo ("Petitioner") pled guilty to the charge of first-degree rape in New York state court, for which he received a determinate sentence of 14 years incarceration and 18 years of post-release supervision. Petitioner brought a habeas petition challenging his conviction pursuant to 28 U.S.C. § 2254. This petition was referred to Magistrate Judge Ona T. Wang for a Report and Recommendation (the "Report" or "R&R"). The R&R issued by Magistrate Judge Ona T. Wang

recommended that the petition for *habeas corpus* be denied. *See* ECF No. 69. Petitioner filed Objections to the R&R. ECF No. 76. This Court issued an Opinion and Order on October 17, 2025, overruling the Objections, adopting the R&R and denying the Petition.

In rejecting Petitioner's claim of relief based upon ineffective assistance of counsel, the Court noted that Petitioner had pled guilty, and thus could not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," but could only attack "'the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel' was constitutionally deficient." Opinion at 4-5 (quoting *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973)). The Court further held that, since the New York Supreme Court had issued a 59-page opinion rejecting Petitioner's ineffective assistance claim on the merits, a decision which was affirmed by the Appellate Division, on *habeas* review, the Court's consideration is "doubly deferential." Opinion at 5. That is, the Court was required to apply the highly deferential *Strickland* standard, through the "deferential lens of § 2254(d)." *Id.* (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). The Court held that Petitioner failed to show that the state court unreasonably applied *Strickland* or unreasonably determined the facts in light of the evidence presented. *Id.* at 5-6.

Petitioner filed a notice of appeal on December 2, 2025. ECF No. 81. On March 6, 2026, Petitioner filed the instant motion for relief from judgment pursuant to Rule 60(b)(3) and Rule 60(b)(6). ECF No. 82.

## LEGAL STANDARDS

As relevant here, Rule 60 permits the Court to relieve a party from a final judgment based upon "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted). To obtain relief under Rule 60(b)(6), a movant must demonstrate the existence of "extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 215 (2025).

In a habeas case, however, "such motions are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(b)." *Gonzalez v. Crosby*, 545 U.S. 524, 526 (2005). Specifically, AEDPA requires the dismissal of any claim for habeas relief that has already been adjudicated. 28 U.S.C. § 2244(b)(1). A claim that has not already been adjudicated must likewise be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. *Id.* § 2244(b)(2). Before a district court may entertain a successive habeas petition, the Second Circuit must certify that

3

the petition does not raise a claim that has already been adjudicated in a previous petition and that it satisfies Section 2244(b)(2).  *Id.* § 2244(b)(3).

A motion brought under Rule 60(b) that attacks the federal court's previous resolution of a claim on the merits is "effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief," and thus precluded under AEDPA's prohibition on successive petitions.  *Gonzalez*, 545 U.S. at 532.  Where, however, "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533.  "A Rule 60(b) motion attacks the integrity of a habeas proceeding if it does not 'assert, or reassert, claims of error in the movant's state conviction.'" *Robles v. Lempke*, No. 09-CV-2636 (AMD) (JO), 2018 WL 1320657, at *4 (E.D.N.Y. Mar. 14, 2018) (quoting *Gonzalez*, 545 U.S. at 531).  "Examples of proper Rule 60(b) motions include arguments that a court erroneously avoided deciding the merits of a claim for reasons such as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*

"Absent authorization from the Second Circuit, district courts lack jurisdiction to consider a successive habeas petition." *Holmes v. Miller*, No. 20-CV-2769 (AMD), 2023 WL 2711315, at *2 (E.D.N.Y. Mar. 30, 2023) (cleaned up). Accordingly, "a Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b)

4

motion as a second or successive habeas petition, in which case it should be transferred to this Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004) (cleaned up).

## DISCUSSION

Petitioner argues that the instant motion falls within the exception created by *Gonzalez v. Crosby*, and thus is not a successive petition, because it concerns defects in "the integrity of the federal habeas proceeding." ECF No. 82-1 at 5. Petitioner argues that he is entitled to relief under Rule 60(b)(3) because the state court's decision rejecting his ineffective assistance claim "was built on material misrepresentations, including reliance on evidence the judge never reviewed, invented 'strategic' explanations unsupported by the record, and factual findings flatly contradicted by the record." ECF No. 82-1 at 27. With respect to Rule 60(b)(6), Petitioner claims that the "extraordinary circumstances" that warrant relief are errors purportedly made by this Court in adjudicating his habeas petition, including applying the wrong standard of review. *Id.*

Despite Petitioner's characterization of these errors as "structural," his motion simply seeks to rehash merits arguments that the Court has previously rejected. The Second Circuit has not authorized the filing of a second or successive habeas petition. This Court therefore lacks jurisdiction to adjudicate the motion, and it must be denied.

In his motion for reconsideration, Petitioner challenges "the federal court's failure to adjudicate Petitioner's objections, 2) the federal court's misapplication of AEDPA, 3) the federal court's acceptance of unreasonable factual determinations, 4) the federal court's failure to apply the correct legal standards, and 5) the federal court's reliance on a distorted state-court record." *Id.* at 5.  Petitioner argues that the R&R did not fairly consider Petitioner's arguments, *id.* at 12, that this Court in adopting the R&R "did not analyze the substance of Petitioner's objections, including those identifying unreasonable factual findings [and] misapplications of [governing law]," *id.*, and that Petitioner's "positions, points, and evidence in support were clearly overlooked," *id.* at 13.  Yet this description merely confirms that the Petitioner is seeking to do what AEDPA prohibits:  have this Court consider again the merits of his habeas petition.

The bulk of Petitioner's motion reiterates arguments raised in his original habeas petition regarding purported legal errors and unreasonable or unsupported factual findings made by the state court in rejecting his claim of ineffective assistance of counsel.  *Id.* at 14-26.  For example, Petitioner argued in his Petition that the state court "overlooked the fact that not one of the ESI messages [relied upon by the prosecution] were authenticated," ECF No. 13 at 27-28, and similarly argues in support of his motion for reconsideration that the state court mischaracterized those same electronic messages as "unquestionably authentic," ECF No. 82-1 at 23.

Petitioner's arguments regarding his ineffective assistance of counsel claim were addressed at length in the R&R, *see* R&R at 15-23, and then by this Court in adopting the R&R, Opinion at 4-6. Petitioner cannot, in a Rule 60(b) motion, reassert these claims of error with respect to his state conviction and thereby circumvent AEDPA's restrictions on successive petitions. *See Robles,* 2018 WL 1320657, at *4; *Davis v. New York*, No. 07-CV-9265 (SHS), 2017 WL 5157458, at *2 (S.D.N.Y. Nov. 6, 2017).

Motions for relief from judgment under Rule 60(b)(3) often fall within the *Gonzalez* exception to the prohibition on successive petitions, "because an allegation of fraud on the habeas court typically 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.'" *McLean v. McGinnis*, No. 97-CV-3593 (JG), 2008 WL 312765, at *3 (E.D.N.Y. Feb. 4, 2008) (quoting *Gonzalez,* 545 U.S. at 532 n.5). "However, not all allegations of fraud on the habeas court clearly fall in this category." *Id.* Where the movant's Rule 60(b)(3) challenge relates not to fraud solely perpetrated on the federal habeas court, but instead alleges fraud or misrepresentations on the state court that "have tainted the initial conviction or direct appeal," such a Rule 60(b)(3) motion is prohibited. *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

Here, the only alleged "fraud" was purportedly committed at the state court level. Specifically, Petitioner asserts that the "fraud" was committed by the state court when it relied on "(1) mischaracterized evidence, (2) invented 'strategic'

7

explanations unsupported by the record, (3) reliance on jail calls the judge never listened to, (4) reliance on surveillance video the judge never viewed, and (5) factual findings contradicted by the record." ECF No. 82-1 at 3. In other words, Petitioner seeks to recharacterize its challenges to the state court decision as "fraud" that was committed on this Court. This, too, is an impermissible attempt to circumvent the restrictions on successive petitions.

## CONCLUSION

Accordingly, Petitioner's motion for reconsideration is DENIED as beyond the scope of Rule 60. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to terminate ECF No. 82.

SO ORDERED.

Dated: May 21, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge